UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KIMKISHA HAYES,            )
       Plaintiff,          )          Case No:
                                  )
v.                         )
                                  )
UNITEDHEALTHCARE           )
INSURANCE COMPANY,         )
       Defendant.          )
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff KIMKISHA HAYES ("Plaintiff") by and through the undersigned counsel, and complaining of the Defendant, UNITEDHEALTHCARE Insurance Company ("Defendant") states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et. seq. (ERISA). *See* 29 U.S.C. § 1132. This Honorable Court, accordingly, has federal question jurisdiction over the claims. *See* 28 U.S.C. § 1331 (2019).

2. Venue is proper in the Middle District of Florida as the events giving rise to the litigation occurred in this District. *See* 28 U.S.C. § 1391(b) (2019).

3. This Court has personal jurisdiction over the Defendant because the Defendant is a Foreign For-Profit Corporation, duly registered with the Florida Department of State, Division of Corporations and is authorized by the State to conduct business in the State, as well as to sue and be sued in the State.

1

## PARTIES

4. Plaintiff is a natural person residing in Sanford, Florida who is over the age of eighteen (18) years old, is of sound mind and competency, and is otherwise *sui juris*.

5. Plaintiff is the named beneficiary under an ERISA plan, and is presently entitled to receive death benefit funds under said plan.

6. Defendant is an ERISA entity insurer, who offered supplemental life insurance to the Plaintiff's now deceased husband, Peter Hayes ("the deceased") under an ERISA plan.

## GENERAL ALLEGATIONS

7. At all times material to this action there was in full force and affect an insurance plan for group supplemental life insurance benefits constituting a binding contract of insurance between the deceased and the Defendant ("the Supplemental Life Insurance Policy"). *See* Exhibit A.

8. The applicable policy number of the above referenced Supplemental Life Insurance Policy is 302887. The Supplemental Life Insurance Policy attached hereto as Exhibit A is believed to be a true and correct copy of the Group Supplemental Life Insurance Policy, however, the original policy is in the possession and control of the Defendant and will be available through discovery.

9. The Supplemental Life Insurance Policy is an "ERISA" plan, as defined by applicable statute. *See* 29 U.S.C. § 1002 (2019).

10. The Supplemental Life Insurance Policy named the Plaintiff as the beneficiary of a death benefit to be paid thereunder, and as such the Plaintiff is a "beneficiary" under 29 U.S.C. § 1002 (2019).

11. The Supplemental Life Insurance Policy required, among other things, that supplemental life insurance proceeds be paid according to the terms of the policy.

12. The purpose of the deceased electing the supplemental life insurance coverage on May 7, 2019 offered to him during his annual benefits enrollment period and maintaining such coverage every pay period thereafter was to compensate Plaintiff with supplemental life insurance proceeds, upon his death.

13. On or about February 11, 2020 the deceased died, and the Plaintiff notified Defendant of her rights to collect death benefits under the Supplemental Life Insurance Policy in accordance with the terms of the policy.

14. Administrative appeals have been exhausted per the terms of the insurance policy and all conditions precedent to the bringing of Plaintiff's claims have been met or waived.

15. After the deceased died, Plaintiff made a valid and authorized claim, for supplemental life insurance benefits, under the Supplemental Life Insurance Policy.

16. On March 16, 2020, Defendant denied the supplemental life insurance benefits on the premise that the deceased had failed to partake in an alleged requisite "Evidence of Insurability" citing to one provision of the policy, which the Defendant on September 18, 2020 acknowledged during the administrative

appeal process did not require same but continued to deny coverage citing to a conflicting provision of the same policy that allegedly did.

17. Presently, Plaintiff is due and owing a substantial monetary benefit under the Supplemental Life Insurance Policy, which the Defendant has refused to pay upon valid and authorized demand. Plaintiff seeks as damages the policy benefits owed.

## COUNT I – ERISA

18. Plaintiff reasserts and incorporates by reference paragraphs '1' through '17' as if fully set forth herein.

19. A "beneficiary" under an ERISA insurance plan may bring a private cause of action "to recover benefits due to him [or her] under the terms of the plan, [and/or] to enforce his rights under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B) (2019).

20. Plaintiff is a specifically named beneficiary under the Supplemental Life Insurance Policy between the Defendant and the deceased. As such, Plaintiff is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *See* 29 U.S.C. § 1002(8) (2019).

21. The Supplemental Life Insurance Policy is an ERISA plan, and the Defendant is an ERISA entity as defined by applicable statute.

22. The Defendant initially denied supplemental life insurance coverage based on the following provision within the Supplemental Life Insurance Policy:

<u>Evidence of Insurability Requirements</u>. Evidence of Insurability will be required: (1) for any amount of Employee Supplemental Life Insurance in

excess of $100,000; (2) for any elected increase in the amount of Employee Supplemental Life Insurance; (3) for any amount of Supplemental Dependent Spouse Life Insurance in excess of $30,000; [and] (4) for any elected increase in the amount of Supplemental Dependent Spouse Life Insurance.

*See* Exhibit A, p. 6.

23. The deceased and/or the Supplemental Life Insurance Policy at issue *does not* fall within any of the four (4) specifically enumerated categories, which purport to require evidence of insurability as a prerequisite to coverage.

24. Because the deceased, and/or his policy does not fall into any of these specific categories and given the seemingly inclusive heading affixed to the above quoted provision, no Evidence of Insurability was requisite to valid coverage.

25. The Defendant subsequently cited to the following provision of the Supplemental Life Insurance Policy to again deny supplemental life insurance coverage to the Plaintiff:

Effective Date of Covered Person Insurance: If an Employee is not actively at work on the date his insurance is scheduled to take effect, it will take effect on the day after the date he returns to active work. If the employee's insurance is scheduled to take effect on a non-working day, his active work status will be based on the last working day before the scheduled effective date of his insurance. An employee must use forms provided by [Defendant] when applying for insurance. The employee's insurance will be effective at 12:01AM. Eastern Standard Time as follows: . . . if [the plan] is Contributory, and the Employee makes application within 31 days after the date he first became eligible, on the later of: (a) the date the Employee is eligible for insurance, regardless of when he applies or (b) the date the employee's application is approved by [Defendant] if evidence of insurability is required. Evidence of insurability is required if an Employee applying for Contributory Insurance: (1) does not apply for insurance within 31 days after the date he first became eligible; or (2) he has previously terminated his insurance while in an eligible class.

*See* Exhibit A, p. 10.

5

26. This policy provision, which may be read to require "Evidence of Insurability" as a requisite to the "effective date" vesting, is a conflicting provision, is at best ambiguous, and/or regardless has been waived by the Defendant.

27. Furthermore, Plaintiff asserts that Defendant is barred from enforcement of the Evidence of Insurability provision, under principles of estoppel.

28. In that regard, the Defendant still permitted the deceased to enroll in the ERISA Supplemental Life Insurance Policy without any Evidence of Insurability, never notified the Defendant (in writing or orally) that the policy benefits would not <u>vest</u> (regardless of payment) absent Evidence of Insurability.

29. In addition, the Defendant accepted contributions and payments from the deceased and/or his employer (in part or whole) for a **substantial** time without ever notifying the deceased that his "effective date" had not yet vested for lack of completion of Evidence of Insurability.

30. The Defendant <u>never notified</u> the Plaintiff nor the deceased that the plan would be ineffective, invalid, or otherwise produce no coverage without the completion of Evidence of Insurability.

31. Instead, the Defendant accepted payment for coverage under the ERISA Supplemental Life Insurance Policy, having never received any Evidence of Insurability, and led the deceased and Plaintiff to believe that the benefits established by the plan would be paid out in the event of death.

32. Through its actions and/or inactions, Defendant has waived the ability to enforce the Evidence of Insurability provisions, assuming they apply.

33. Further, Defendant is equitably estopped from denying coverage and/or benefits to Plaintiff given the fact that the policy language is ambiguous regarding whether the "Evidence of Insurability" provision is applicable to the deceased and given that the Defendant affirmatively misled the deceased and/or Plaintiff to believe that no Evidence of Insurability would be requisite for coverage and/or benefits.

**WHEREFORE**, Plaintiff requests the court to enter Final Judgment in favor of the Plaintiff and against the Defendant for the full amount of Plaintiff damages and awarding attorney fees and costs and whatever other relief the court deems appropriate.

DATED: December 27, 2020.

/s/ *Lisa Finaldi Simmons*
_____
LISA FINALDI SIMMONS, ESQ.
Florida Bar No.: 0497290
Orlando Trial Attorney, P.A.
P.O. Box 540585
Orlando, FL 32854-0585
407-897-2081
Attorney for Plaintiff
P:  lisa@orlandotrial.com
S:  assistant@orlandotrial.com